v. Lenny Matias May it please the Court, Counsel, my name is Jeremy Gordon and I represent the Court of Appeals. I'm here to speak on behalf of the U.S. Supreme Court. Now, there's also no recounting of the 3553-A factors, and there was nothing else that the fact that the court did not, the fact that there was not enough information on the record in the court that stated that the court understood that the sentences could run consecutively or concurrently, and that the guidelines were advisory under Booker is the error that... So the government keeps referring to the fact that the district court here, the district court, did not make a dubious statement. What's your response to that? And that suggests that the district judge certainly understood that, or the district court was not bound by, to impose a consecutive sentence. It understood it as a recommendation. So the district court does say that in the plea hearing, but during the sentencing hearing, there is not enough information by the court indicating that they knew that the sentences could run consecutively or concurrently. And in the Burkhart case, which we referenced in our brief, there is a portion where both sides, the Second Circuit said that both sides said on the record, we understand that this can run concurrently, we understand that this can run consecutively. And the court said during sentencing, it would be remiss as a judge if the court were to make it all concurrent. And then furthermore, in the Johnson case, there is information where the court indicated why they were making it consecutive. But in this case, as opposed to Burkhart, there's nothing on the record where both sides indicate that they understand that the court can run it consecutively or the court can run it concurrently. And there's nothing by the court at the sentencing hearing where the court indicates that it can be ran consecutively or concurrently. So then, what we see in a situation like this is that, especially even in the, even in the Counsel's Anders brief, the Counsel's Anders brief, which we referenced on page seven of our brief, indicates that also on that date, court sentenced the defendant to an additional 60 months on his violation of supervised release per statutory rules of the violation of supervised release. The 60 months were consecutive to the initial sentence. So even there, they say per statutory rules. So in other words, there is an amount, there's an amount of confusion and there's nothing on the record that indicates that the parties knew that the case should be ran, that the case could be ran consecutively or concurrently, or that the guidelines were advisory under Burkhart. Now, I see that my time is up. If you have anything else to say, feel free. You've come a long way, so we don't want to limit your, your time too much. Well, the next thing I want to say is that it's not even, it's not completely clear if the statement. So, so during sentencing, there's a portion where, where the prosecutor says the violation of supervised release should run concurrent, should run, should run consecutively. And then the court says, actually, that's what probation is recommending. But there's nothing on the record that says that, there's nothing on the record that says right there that it's a, that the court understands that it's supposed to be ran concurrently or consecutively. There's no, when they say that's what probation is recommending, that could mean that probation is recommending 60 months, or, or that could mean that probation is recommending that it run consecutively. Or it could mean that the government is in lockstep with the probation department, that they both came up with the right. So, so, Mr. The problem, I guess, is that we're at plain error. And when you say could mean, plain error tends to inure to the benefit of the district court's decision. Yes, Your Honor, it does. But when, but when we talk about, but when we talk about it, that, that's a situation where it should be, where, where, where there's nothing on the record to indicate that the court understood that, that 7G1.3 was advisory. There's nothing on the record with regards to that. And that is, in our opinion, and it's our position that that is enough in order to trigger the plain error analysis. Thank you, Mr. Gordon. And you've, you've reserved some time, I know. Yes, Your Honor. Thank you. Thank you. We'll hear from Mr. Haggans, who has not come from a long way. Yes, Your Honor. Good morning, Your Honors. May it please the Court. My name is Matthew Haggans. I represent the United States here today. I represented the government at the time of the plea. This case asks whether an experienced sentencing judge who had imposed multiple criminal sentences upon this defendant over the course of the last two decades committed plain and reversible error under the mistaken belief that she was required to impose a consecutive sentence as to the VOSR. The district court committed no such error based on the record in this case, and the judgment should be affirmed. The district court telegraphed at the time of the plea that she understood she had the possibility and the authority to impose a consecutive sentence on the VOSR. I believe the quote is, back to the defendant's counsel at the time, you understand that doesn't mean that it will be concurrent. Counsel indicated that he understood, and the district court followed up, and your client understands that it doesn't mean that it will be concurrent and that it was up to the court. And the record is clear as of the time of the plea. The district court also articulated plainly on the record at the time of the imposition of sentence that in imposing a consecutive 60-month sentence, she was following the recommendation of probation. That recommendation is contained in the VOSR report, which states quite clearly that the 60-month consecutive sentence is a recommendation and that its consecutive nature, while recommended in the appropriate guidelines, is not binding upon the court. Third, and specifically in response to the contention that no one corrected the record following the Assistant United States Attorney's erroneous statement that the law required a consecutive sentence, the transcript of sentencing reflects the district judge immediately responded by saying, that is what probation recommendation, that is what probation is recommending. That takes us back again to the VOSR that I just mentioned. That recommendation on its face stated, this is a recommendation. By definition, it's not binding. It's not obligatory upon the district court. For those reasons and for all the reasons stated in our papers, the judgment should be affirmed. If the panel has no further questions. Thank you, Mr. Gordon. Thank you, Your Honor. Mr. Gordon, you've reserved some time. Briefly, judges, there was not enough information on the record in this case in order to indicate that the court understood whether or not this could be consecutive or concurrent. The last thing that was said with regards to this during the sentencing hearing was the prosecutor indicating that the cases had to run consecutively. No one corrected that particular statement. It's true that the court said, actually, I was talking about the probation's recommendation, but there's nothing further as to what that means. It does not meet what is required when you look at the Burghardt case, and it does not meet what is required when you look at the Johnson case that we referenced in our brief, where the court indicated, the court spelled out the circumstances and facts that, during the sentencing hearing, that led the court to impose a consecutive sentence. So if there are any questions for me. Thank you very much. Thank you. We appreciate the arguments of both sides very much.